UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------X
                            :
UNITED STATES OF AMERICA,    :
                            :     CR-04-713 (FB)
          v.                :
                            :     March 3, 2005
JULIO DIAZ, ALEXANDER RIZO,  :
DAVID WRAY,                  :     Brooklyn, New York
               Defendants.   :
                            :
----------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          ROSLYNN R. MAUSKOPF, ESQ.
                             UNITED STATES ATTORNEY
                             BY:  ADAM ABENSOHN, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             225 Cadman Plaza East
                             Brooklyn, New York  11201

For the Defendant:           JOSEPH SCHNOPPI, ESQ.
                             ALLEN LASHLEY, ESQ.
                             FRANCISCO CELEDONIO, ESQ.

Audio Operator:

Court Transcriber:           ARIA TRANSCRIPTIONS
                             328 President Street, #3
                             Brooklyn, New York 11231
                             (718) 522-2335

Proceedings recorded by electronic sound recording,
transcript produced by transcription service



1          THE CLERK:   Criminal cause for guilty plea, docket

2     number 04-CR-713, United States versus Julio Diaz, United

3     States versus David Wray and United States versus Alexander

4     Rizo.   Counsel, please state your appearances.

5          MR. ABENSOHN:   Good afternoon, your Honor.   Adam

6     Abensohn for the United States.

7          THE COURT:   Good afternoon.

8          MR. SCHNOPPI:   Appearing for Mr. Diaz, Joseph

9     Schnoppi.   Good afternoon.

10          THE COURT:   Good afternoon.

11          MR. LASHLEY:   Allen Lashley for Mr. Rizo.   Good

12     afternoon.

13          THE COURT:   Good afternoon.

14          MR. CELEDONIO:   Francisco Celedonio for Mr. David

15     Wray.   Good afternoon, your Honor.

16          THE COURT:   Good afternoon.

17          THE CLERK:   Is the Spanish interpreter present?

18          THE INTERPRETER:   Yes.

19          THE CLERK:   Please state your name for the record.

20          THE INTERPRETER:   Carlos Camacho.

21          THE CLERK:   Have you been previously sworn?

22          THE INTERPRETER:   Not today, no.

23          (Interpreter is sworn)

24          THE COURT:   Mr. Schnoppi, did you want to put that

25     matter on the record at the outset?

1          MR. SCHNOPPI:  Yes, just briefly, Judge.  I had

2    conferred with the government concerning a possible plea

3    agreement in this case.  We had tentatively agreed to that.

4    I showed a copy of that to my client and explained it to him

5    last night and showed it again this morning and this

6    afternoon.  He has decided not to sign the plea agreement

7    but we are prepared to enter a plea of guilty to the first

8    two counts of the indictment.

9          I believe the government will be satisfied with

10   that plea as far as not pleading to the entire indictment at

11   this time.  But I've explained to my client the

12   ramifications of what he's doing and this is what he wishes

13   to do.

14         THE COURT:  Mr. Abensohn, is it true that the

15   government has agreed with respect to Mr. Diaz to allow him

16   to plead guilty to the first two counts of the indictment

17   without otherwise entering into a plea agreement?

18         MR. ABENSOHN:  Yes, your Honor.

19         THE COURT:  And that would be in satisfaction of

20   all the counts in the indictment?

21         MR. ABENSOHN:  Yes, your Honor.

22         THE COURT:  Alright.  I have before me three

23   orders of referral; one pertaining to each of the

24   defendants.  Each of these orders, which is signed by Judge

25   Block, refers the guilty plea proceeding to me to hear.

1    There's a consent portion at the bottom of each of these

2    agreements.  Mr. Wray, is that your signature on the order

3    that relates to you?

4           DEFENDANT WRAY:  Yes, Ma'am.

5           THE COURT:  Have you read this document and

6    discussed it with your attorney?

7           DEFENDANT WRAY:  Yes, Ma'am.

8           THE COURT:  And do you understand what you've

9    agreed to by signing this document?

10          DEFENDANT WRAY:  Yes, Ma'am.

11          THE COURT:  Mr. Rizo, is that your signature on

12    the order that relates to you?

13          DEFENDANT RIZO:  Yes.

14          THE COURT:  Has this document been translated for

15    you and have you discussed it with your attorney?

16          DEFENDANT RIZO:  Yes, Ma'am.

17          THE COURT:  Do you understand what you've agreed

18    to by signing this document?

19          DEFENDANT RIZO:  Yes, Ma'am.

20          THE COURT:  Mr. Diaz, I have your order in front

21    of me.  Is that your signature on that order?

22          DEFENDANT DIAZ:  Yes, Ma'am.

23          THE COURT:  Has this document been translated for

24    you and have you discussed it with your attorney?

25          DEFENDANT DIAZ:  Yes, Ma'am.

1          THE COURT:  Do you understand what you're agreeing

2    to by signing this document?

3          DEFENDANT DIAZ:  Yes, Ma'am.

4          THE COURT:  I want to make sure that all three of

5    you do, in fact, understand.  This is Judge Block's case.

6    He's the United States District Court Judge and he's the

7    judge who will sentence you and make the ultimate decision

8    as to whether to accept your guilty plea.

9          If you wish, you have the absolute right to have

10   Judge Block listen to your plea.  And, if you choose to do

11   that, there'll be no prejudice to you.

12         Do you understand that, Mr. Wray?

13         DEFENDANT WRAY:  Yes, Ma'am.

14         THE COURT:  Mr. Diaz?

15         DEFENDANT DIAZ:  Yes, Ma'am

16         THE COURT:  Mr. Rizo?

17         DEFENDANT RIZO:  Yes.

18         THE COURT:  On the other hand, if you wish I will

19   listen to your plea.  I'm a United States Magistrate Judge.

20   These proceedings are being tape recorded.  A transcript

21   will be made of the proceeding and Judge Block will review

22   the transcript to decide whether to accept your plea.  He'll

23   also review it in connection with your sentence.

24         Do you understand that, Mr. Wray?

25         DEFENDANT WRAY:  Yes, I do.

1          THE COURT:  Mr. Diaz?

2          DEFENDANT DIAZ:  Yes.

3          THE COURT:  Mr. Rizo?

4          MR. RIZZO:  Yes.

5          THE COURT:  Understanding what I've said, do you

6   wish to give up your right to have Judge Block listen to

7   your plea and proceed instead before me at this time?  Mr.

8   Wray?

9          DEFENDANT WRAY:  Yes, Ma'am.

10         THE COURT:  Mr. Diaz?

11         DEFENDANT DIAZ:  Yes.

12         THE COURT:  Mr. Rizo?

13         DEFENDANT RIZO:  Yes.

14         THE COURT:  Do you make this decision voluntarily

15   and of your own free will?  Mr. Wray?

16         DEFENDANT WRAY:  Yes, Ma'am.

17         THE COURT:  Mr. Diaz?

18         DEFENDANT DIAZ:  Yes, Ma'am.

19         THE COURT:  Mr. Rizo?

20         DEFENDANT RIZO:  Yes.

21         THE COURT:  Have any threats or promises been made

22   to you to induce you to agree to have me hear your plea?

23   Mr. Wray?

24         DEFENDANT WRAY:  No.

25         THE COURT:  Mr. Diaz?

1          DEFENDANT DIAZ:  No.

2          THE COURT:  Mr. Rizo?

3          DEFENDANT RIZO:  No.

4          THE COURT:  Alright.  I find that the consent of

5    each of these defendants is knowing, intelligent and

6    voluntary.  Gentlemen, before accepting your guilty pleas,

7    there are a number of questions I have to ask you to make

8    sure that it's a valid plea.

9          If you don't understand any of my questions,

10   please say so and I'll reword the question.  Ms. Eagling,

11   will you swear each of the defendants.

12          (Defendants are sworn)

13          THE CLERK:  Mr. Wray, please state your full name

14   for the record.

15          DEFENDANT WRAY:  David Charles Wray.

16          THE CLERK:  Spell your last name.

17          DEFENDANT WRAY:  W-r-a-y.

18          THE CLERK:  Mr. Diaz, please state your whole name

19   for the record.

20          DEFENDANT DIAZ:  Julio Diaz.

21          THE CLERK:  Please spell your last name.

22          DEFENDANT DIAZ:  D-I-a-s.

23          THE CLERK:  Mr. Rizo, please state your full name

24   for the record.

25          DEFENDANT RIZO:  Alexander Rizo.

1    THE CLERK:  Spell your last name.

2    DEFENDANT RIZO:  R-I-z-o.

3    THE CLERK:  Thank you.

4    THE COURT:  Alright, please be seated.  You should

5 all understand that having been sworn, your answers to my

6 questions will be subject to the penalties of perjury if you

7 do not answer truthfully.

8         Do you understand that, Mr. Wray?

9    DEFENDANT WRAY:  Yes, Ma'am.

10   THE COURT:  Mr. Diaz?

11   DEFENDANT DIAZ:  Yes.

12   THE COURT:  Mr. Rizo?

13   DEFENDANT RIZO:  Yes.

14   THE COURT:  Mr. Wray, how old are you?

15   DEFENDANT WRAY:  Forty-one.

16   THE COURT:  How far did you go in school?

17   DEFENDANT WRAY:  GED.

18   THE COURT:  Are you now or have you recently been

19 under the care of a doctor or psychiatrist?

20   DEFENDANT WRAY:  No.

21   THE COURT:  Mr. Diaz, how old are you?

22   DEFENDANT DIAZ:  Forty-four.

23   THE COURT:  How far did you go in school?

24   DEFENDANT DIAZ:  Third year high school, like

25 ninth grade.

THE COURT: And, Mr. Rizo, how old are you?

DEFENDANT RIZO: Twenty-seven.

THE COURT: And how far did you go in school?

DEFENDANT RIZO: I completed high school.

THE COURT: Mr. Diaz, are you able to speak and understand any English?

DEFENDANT DIAZ: No.

THE COURT: How about you, Mr. Rizo?

DEFENDANT RIZO: Yes.

THE COURT: Mr. Diaz, have you had any difficulty communicating with your attorney?

DEFENDANT DIAZ: No.

THE COURT: How about you, Mr. Rizo?

DEFENDANT RIZO: No.

THE COURT: Counsel for those two defendants, have you had any difficulty communicating with your client? Mr. Schnoppi?

MR. SCHNOPPI: No, your Honor.

THE COURT: Mr. Lashley?

MR. LASHLEY: No, your Honor.

THE COURT: Mr. Diaz, are you now or have you recently been under the care of a doctor or psychiatrist?

DEFENDANT DIAZ: No.

THE COURT: How about you, Mr. Rizo?

DEFENDANT RIZO: No.

1        THE COURT:  In the past twenty-four hours have any

2  of you taken any narcotics, drugs, medicine or pills or drug

3  any alcoholic beverages?  Mr. Wray?

4        DEFENDANT WRAY:  No.

5        THE COURT:  Mr. Diaz?

6        DEFENDANT DIAZ:  No.

7        THE COURT:  Mr. Rizo?

8        DEFENDANT RIZO:  No.

9        THE COURT:  Have you ever been hospitalized or

10  treated for narcotic addiction or for any mental or

11  emotional problem?  Mr. Wray?

12        DEFENDANT WRAY:  Yes.

13        THE COURT:  What kind of treatment or

14  hospitalization have you received?

15        DEFENDANT WRAY:  Rehab.

16        THE COURT:  Drug rehab?

17        DEFENDANT WRAY:  Yes, Ma'am.

18        THE COURT:  When was that?

19        DEFENDANT WRAY:  June of 2004.

20        THE COURT:  Was that in-patient or out-patient?

21        DEFENDANT WRAY:  In-patient.

22        THE COURT:  And did you successfully complete the

23  program?

24        DEFENDANT WRAY:  No.  But I've been clean ever

25  since.

1          THE COURT:  And, Mr. Diaz, have you ever been

2    hospitalized or treated for narcotic addiction or for any

3    mental or emotional problem?

4          DEFENDANT DIAZ:  No.

5          THE COURT:  How about you, Mr. Rizo?

6          DEFENDANT RIZO:  No.

7          THE COURT:  Addressing all three of you again, is

8    your mind clear?  First you, Mr. Wray?

9          DEFENDANT WRAY:  Yes, Ma'am.

10         THE COURT:  Mr. Diaz?

11         DEFENDANT DIAZ:  Yes.

12         THE COURT:  Mr. Rizo?

13         DEFENDANT RIZO:  Yes.

14         THE COURT:  Do you understand what's going on here

15   now?  Mr. Wray?

16         DEFENDANT WRAY:  Yes.

17         THE COURT:  Mr. Diaz?

18         DEFENDANT DIAZ:  Yes.

19         THE COURT:  Mr. Rizo?

20         DEFENDANT RIZO:  Yes.

21         THE COURT:  Addressing the defense attorneys, have

22   you discussed the matter of pleading guilty with your

23   client?  Mr. Celedonio?

24         MR. CELEDONIO:  Yes, your Honor.

25         THE COURT:  Mr. Schnoppi?

1          MR. SCHNOPPI:  Yes, your Honor.

2          THE COURT:  Mr. Lashley?

3          MR. LASHLEY:  Yes, Judge.

4          THE COURT:  In your view, does your client

5 understand the rights he'll be waiving by pleading guilty?

6 Mr. Celedonio?

7          MR. CELEDONIO:  Yes, your Honor.

8          THE COURT:  Mr. Schnoppi?

9          MR. SCHNOPPI:  Yes, your Honor.

10          THE COURT:  Mr. Lashley?

11          MR. LASHLEY:  Yes.

12          THE COURT:  Is he capable of understanding the

13 nature of these proceedings?  Mr. Celedonio?

14          MR. CELEDONIO:  Very much so.

15          THE COURT:  Mr. Schnoppi?

16          MR. SCHNOPPI:  Yes, Judge.

17          THE COURT:  Mr. Lashley?

18          MR. LASHLEY:  Yes, Judge.

19          THE COURT:  Do you have any doubt as to your

20 client's competence to plead at this time?  Mr. Celedonio?

21          MR. CELEDONIO:  No, your Honor.

22          THE COURT:  Mr. Schnoppi?

23          MR. SCHNOPPI:  No, your Honor.

24          THE COURT:  Mr. Lashley?

25          MR. LASHLEY:  No, your Honor.

1          THE COURT:   Have you advised your client of the

2    maximum sentence and fine that can be imposed against him?

3    Mr. Celedonio?

4          MR. CELEDONIO:   Yes, your Honor, I have.

5          THE COURT:   Mr. Schnoppi?

6          MR. SCHNOPPI:   Yes, I have.

7          THE COURT:   Mr. Lashley?

8          MR. LASHLEY:   Yes.

9          THE COURT:   And, Mr. Celedonio, have you also

10   talked with Mr. Wray about the minium term of imprisonment

11   that must be imposed upon him?

12         MR. CELEDONIO:   Yes, your Honor.

13         THE COURT:   Mr. Schnoppi, have you discussed with

14   your client the minimum term of imprisonment?

15         MR. SCHNOPPI:   Yes, I have.

16         THE COURT:   Have counsel discussed with your

17   clients the effect of the sentencing guidelines and the

18   Supreme Court decisions in Booker and Phan Phan?   Mr.

19   Celedonio?

20         MR. CELEDONIO:   Yes, your Honor.

21         THE COURT:   Mr. Schnoppi?

22         MR. SCHNOPPI:   Yes.

23         THE COURT:   Mr. Lashley?

24         MR. LASHLEY:   Yes.

25         THE COURT:   Turning again to the three defendants.

1  Have you discussed your case with your attorney and are you

2  satisfied to have that attorney represent you?  Mr. Wray?

3              DEFENDANT WRAY:  Yes.

4              THE COURT:  Mr. Diaz?

5              DEFENDANT DIAZ:  Yes.

6              THE COURT:  Mr. Rizo?

7              DEFENDANT RIZO:  Yes.

8              THE COURT:  Have you each seen a copy of the

9  indictment -- Let me just get my hands on it.  The

10  superceding indictment.  And in the case of Mr. Diaz and Mr.

11  Rizo, have you had it translated or explained to you in

12  Spanish?  Mr. Wray, have you seen a copy of the superseding

13  indictment?

14              DEFENDANT WRAY:  Yes, Ma'am.

15              THE COURT:  Mr. Diaz, have you seen a copy of the

16  superseding indictment and has it been translated or

17  explained to you in Spanish?

18              DEFENDANT DIAZ:  Yes.

19              THE COURT:  And how about you, Mr. Rizo?

20              DEFENDANT RIZO:  Yes.

21              THE COURT:  Have you consulted with your attorney

22  about the superseding indictment?  Mr. Wray?

23              DEFENDANT WRAY:  Yes.

24              THE COURT:  Mr. Diaz?

25              DEFENDANT DIAZ:  Yes.

1    THE COURT:  Mr. Rizo?

2    DEFENDANT RIZO:  Yes.

3    THE COURT:  I understand that Mr. Wray is prepared

4  to plead guilty to a -- is that a lesser-included offense of

5  Count 1?

6    MR. ABENSOHN:  It is, your Honor.

7    THE COURT:  Alright.  And Mr. Diaz is prepared to

8  plead guilty to Counts 1 and 2 of the superseding

9  indictment.  And Mr. Rizo is prepared to plead guilty to a

10  lesser-included offense of Count 1.  Is that correct?

11    MR. CELEDONIO:  If I may, your Honor?  When you

12  read to my client it's a lesser-included offense of Count 2,

13  your Honor.

14    THE COURT:  Oh, I'm sorry.  Thank you for the

15  correction.  So, Mr. Wray is pleading guilty to a lesser-

16  included offense of Count 2.  Mr. Rizo is pleading guilty to

17  a lesser-included offense of Count 1.  And Mr. Diaz is

18  pleading guilty to Counts 1 and 2.  Is that correct?

19    MR. ABENSOHN:  That's my understanding, your

20  Honor.

21    THE COURT:  And is that correct as to your client,

22  Mr. Celedonio?

23    MR. CELEDONIO:  Yes, your Honor.

24    THE COURT:  And is that correct as to your client,

25  Mr. Schnoppi?

1          MR. SCHNOPPI:  Yes, it is.

2          THE COURT:  And is that correct as to your client,

3  Mr. Lashley?

4          MR. LASHLEY:  Yes.

5          THE COURT:  Alright, Mr. Wray, I understand that

6  you're prepared to plead guilty to a lesser-included offense

7  of Count 2.  Now Count 2 charges that between approximately

8  February and July of 2000 you knowingly and intentionally

9  conspired or agreed with others to distribute and possess

10  with intent to distribute a kilogram or more of heroin and

11  500 grams or more of cocaine.

12          Will the defendant be pleading guilty to the

13  cocaine or heroin aspects of that count?

14          MR. CELEDONIO:  The heroin.

15          THE COURT:  Without the weight.  The lesser-

16  included offense would be without the weight.  Or is it --

17  I'm sorry.  Would it be a lesser-included offense?  Or it

18  would be that aspect of it?

19          MR. ABENSOHN:  It would be lesser-included of

20  the --

21          THE COURT:  It would include the 500 grams

22  element.

23          MR. ABENSOHN:  Yes, your Honor.

24          THE COURT:  Alright.  But it would not include the

25  one kilogram or more of heroin?

1          MR. ABENSOHN:  Correct, your Honor.

2          THE COURT:  Alright.  Mr. Wray, let me -- Is there

3    some confusion about that?

4          MR. ABENSOHN:  The substance he will plead on will

5    be heroin.  The plea is on the lesser-included which I think

6    in the statute has a 500 gram floor for heroin.  And, I

7    believe, he will plead to an amount surpassing that.

8          And, pursuant to his plea agreement, and with

9    respect to the calculations under the guidelines, he'll be

10   accepting a stipulated amount in excess of, I believe, 3

11   kilograms of heroin.

12         THE COURT:  Alright.  So, he's going to plead to

13   the heroin aspect of it but the plea itself will only be to

14   500 grams of heroin.  Is that it?

15         MR. ABENSOHN:  Well, the plea itself is to be --

16   So, the plea is to the five year minimum of the statute

17   which I believe has a 500 gram floor.

18         THE COURT:  Well, one kilogram or more of heroin

19   would have a ten year mandatory minimum.  Wouldn't it?

20         MR. ABENSOHN:  Yes, your Honor.  He'll plead of

21   the weight for purposes of the guidelines calculations.  But

22   his guilty plea is to a lesser-included.

23         THE COURT:  Alright.  In order to prove you guilty

24   of the lesser-included offense that we've just talked about,

25   the government would have to prove the following beyond a

1 reasonable doubt.

2       First, that at some time during that approximate

3 time period you did, in fact, conspire or agree with others

4 that you entered into an agreement or understanding with

5 others to distribute, that is to sell or otherwise transfer,

6 or to possess with intent to distribute, a certain

7 substance.

8       The government would further have to prove that

9 that substance was heroin and that the object of the

10 conspiracy involved heroin in an amount of 500 grams or

11 more.

12       The government would further have to prove that

13 you understood that the object of that conspiracy was, in

14 fact, heroin or some illegal narcotic drug.

15       And, finally, the government would have to prove

16 that you acted knowingly and intentionally and not because

17 of some mistake or innocent reason.

18       Do you understand that charge and have you

19 discussed it with your attorney?

20       DEFENDANT WRAY:  Yes, Ma'am.

21       THE COURT:  Mr. Rizo, I understand that you're

22 prepared to plead guilty to a lesser-included offense of

23 Count 1 of the indictment.  The lesser-included offense

24 would not involve any specific amount of a drug.  Although,

25 the count itself charges a kilogram or more.

1          In order to prove you guilty of the lesser-

2    included offense of Count 1, the government would have to

3    prove the following beyond a reasonable doubt.

4          First, that at some time between approximately

5    February and July of 2004 you knowingly and intentionally

6    entered into a conspiracy or agreement or understanding with

7    others.

8          The government would have to prove that the object

9    or purpose of that conspiracy was to import or bring into

10   the United States from outside the United States heroin.

11         The government would further have to prove that

12   you understood that the substance that was to be imported

13   was, in fact, heroin or some illegal narcotic drug.

14         And, finally, the government would have to prove

15   that you acted knowingly and intentionally not because of

16   some mistake or innocent reason.

17         Do you understand that charge and have you

18   discussed it with your attorney?

19         DEFENDANT RIZO:  Yes.

20         THE COURT:  Before I discuss the elements of Count

21   1 and 2 with Mr. Diaz, can I just clarify on Count 2 what

22   aspect of that count he is going to be pleading guilty to.

23   Is it going to be the one kilogram or more of heroin?  Since

24   that's in effect what he'll be pleading to in Count 1.

25         MR. LASHLEY:  He's pleading to both, your Honor.

1          THE COURT:   To both A and B of Count 2?

2          MR. LASHLEY:   Correct.

3          THE COURT:   Alright.   Mr. Diaz, I understand that

4   you're prepared to plead guilty without any written

5   agreement with the government to Counts 1 and 2 of the

6   superseding indictment.

7          Count 1 charges that between approximately

8   February and July of 2004 you conspired or agreed with

9   others to import a kilogram or more of heroin into the

10   United States.

11          In order to prove you guilty of that offense, the

12   government would have to prove the following beyond a

13   reasonable doubt.

14          First, that at some point during that approximate

15   time period you did, in fact, enter into a conspiracy or

16   agreement or understanding with others.   The object or

17   purpose of which was to bring into the United States from

18   outside the United States a certain substance.

19          The government would have to prove that the

20   substance that was the object of the conspiracy was, in

21   fact, heroin.   The government would have to prove that you

22   knew it was heroin or some illegal narcotic drug.

23          And, finally, the government would also have to

24   prove that the object of the conspiracy was to import at

25   least a kilogram of heroin into the United States.

1        And, finally, the government would have to prove

2   that you acted knowingly and intentionally and not because

3   of some mistake or innocent reason.

4        Do you understand that count and have you

5   discussed it with your attorney?

6        DEFENDANT DIAZ:   Yes.

7        THE COURT:   I further understand that you're also

8   prepared to plead guilty to Count 2 of the superseding

9   indictment.   That count charges that during the same

10  approximate time period you also entered into a conspiracy

11  or agreement with others to distribute and possess with

12  intent to distribute a kilogram or more of heroin as well as

13  500 grams or more of cocaine.

14       In order to prove you guilty of that offense the

15  government would have to prove the following beyond a

16  reasonable doubt.

17       First, that some time during that approximate time

18  period you did, in fact, enter into a conspiracy or

19  agreement or understanding with others.

20       Second, the government would have to prove that

21  the object or purpose of the conspiracy was to distribute.

22  That is, to sell or otherwise transfer or to possess with

23  intent to distribute either a kilogram or more of heroin or

24  500 grams or more of cocaine.

25       And I would note that those two objects carry

1   different mandatory minimum sentences.  If the government
2   proved only the 500 grams or more of cocaine that would be a
3   five year mandatory minimum.  If it also proved the one
4   kilogram or more of heroin that would be a ten year
5   mandatory minimum.  Is that correct, Mr. Abensohn?

6           MR. ABENSOHN:  It is, your Honor.

7           MR. SCHNOPPI:  That's my understanding.

8           THE COURT:  Thank you, Mr. Schnoppi.  Do you
9   understand that, Mr. Diaz?

10          DEFENDANT DIAZ:  Yes.

11          THE COURT:  And the government would have to prove
12  that you understood that the object or purpose of the
13  conspiracy was that the substance that was the object of the
14  conspiracy was, in fact, a kilogram or more of heroin or 500
15  grams or more of cocaine.

16          And the government would also have to prove that
17  you acted knowingly and intentionally and not because of
18  some mistake or innocent reason.

19          Do you understand that charge and have you
20  discussed it with your attorney?

21          DEFENDANT DIAZ:  Yes.

22          THE COURT:  I now want to talk with all three
23  defendants about the rights that you will be giving up by
24  pleading guilty.  But the first and most important thing you
25  have to understand is that you have an absolute right to

1  plead not guilty.

2      Do you understand that Mr. Wray?

3      DEFENDANT WRAY:  Yes, Ma'am.

4      THE COURT:  Mr. Diaz?

5      DEFENDANT DIAZ:  Yes.

6      THE COURT:  Mr. Rizo?

7      DEFENDANT RIZO:  Yes.

8      THE COURT:  If you plead not guilty, under the

9  Constitution and laws of the United States you're entitled

10 to a speedy and public trial by jury with the assistance of

11 counsel on the charges contained in the superseding

12 indictment.

13      Do you understand that Mr. Wray?

14      DEFENDANT WRAY:  Yes, Ma'am.

15      THE COURT:  Mr. Diaz?

16      DEFENDANT DIAZ:  Yes.

17      THE COURT:  Mr. Rizo?

18      DEFENDANT RIZO:  Yes.

19      THE COURT:  At the trial you would be presumed to

20 be innocent and the government would have to overcome that

21 presumption and prove you guilty by competent evidence and

22 beyond a reasonable doubt.

23      You would not have to prove that you were

24 innocent.  And, if the government failed to prove you guilty

25 beyond a reasonable doubt, the jury would have the duty to

1  find you not guilty.

2          Do you understand that Mr. Wray?

3          DEFENDANT WRAY:  Yes, Ma'am.

4          THE COURT:  Do you understand that Mr. Diaz?

5          DEFENDANT DIAZ:  Yes.

6          THE COURT:  Do you understand that Mr. Rizo?

7          DEFENDANT RIZO:  Yes.

8          THE COURT:  In the course of the trial the

9  witnesses for the government would have to come to court and

10  testify in your presence.  And your attorney would have the

11  right to cross-examine the witnesses for the government, to

12  object to evidence offered by the government and to offer

13  evidence on your behalf.

14          Do you understand that Mr. Wray?

15          DEFENDANT WRAY:  Yes, Ma'am.

16          THE COURT:  Mr. Diaz?

17          DEFENDANT DIAZ:  Yes.

18          THE COURT:  Mr. Rizo?

19          DEFENDANT RIZO:  Yes.

20          THE COURT:  At a trial, while you would have the

21  right to testify if you chose to do so, you could not be

22  required to testify.  Under the Constitution of the United

23  States you cannot be compelled to incriminate yourself.

24          If you decided not to testify, the Court would, at

25  your lawyer's request, instruct the jurors that they could

1 not hold that against you.

2        Do you understand that Mr. Wray?

3        DEFENDANT WRAY: Yes, Ma'am.

4        THE COURT: Mr. Diaz?

5        DEFENDANT DIAZ: Yes.

6        THE COURT: Mr. Rizo?

7        DEFENDANT RIZO: Yes.

8        THE COURT: If you plead guilty and the Court

9 accepts your plea, you'll be giving up your constitutional

10 right to a trial and the other rights that I've just

11 discussed.

12        There'll be no further trial of any kind and no

13 right of appeal from the judgement of guilty. The Court

14 will simply enter a judgement of guilty on the basis of your

15 guilty plea.

16        Do you understand that Mr. Wray?

17        DEFENDANT WRAY: Yes, Ma'am.

18        THE COURT: Mr. Diaz?

19        DEFENDANT DIAZ: Yes.

20        THE COURT: Mr. Rizo?

21        DEFENDANT RIZO: Yes.

22        THE COURT: If you plead guilty I'll have to ask

23 you questions about what you did in order to satisfy myself

24 and Judge Block that you are, in fact, guilty of the charge

25 to which you seek to plead guilty.

1          And you'll have to answer my questions and

2    acknowledge your guilt.  In that way you'll be giving up

3    your right not to incriminate yourself.

4          Do you understand that Mr. Wray?

5          DEFENDANT WRAY:  Yes, Ma'am.

6          THE COURT:  Mr. Diaz?

7          DEFENDANT DIAZ:  Yes.

8          THE COURT:  Mr. Rizo?

9          DEFENDANT RIZO:  Yes.

10         THE COURT:  Are you willing to give up your right

11   to a trial and the other rights that I've just discussed?

12         Mr. Wray?

13         DEFENDANT WRAY:  Yes, Ma'am.

14         THE COURT:  Mr. Diaz?

15         DEFENDANT DIAZ:  Yes.

16         THE COURT:  Mr. Rizo?

17         DEFENDANT RIZO:  Yes.

18         THE COURT:  I understand that Mr. Wray is pleading

19   guilty pursuant to a plea agreement as is Mr. Rizo.  I've

20   marked Mr. Wray's plea agreement as Court Exhibit 1 and I've

21   marked Mr. Rizo's as Court Exhibit 2.

22         Mr. Wray, turning to the final page of Court

23   Exhibit 1, your plea agreement, is that your signature on

24   the defendant's signature line?

25         DEFENDANT WRAY:  Yes, Ma'am.

THE COURT:  Have you read this entire document and discussed it with your attorney?

DEFENDANT WRAY:  Yes, Ma'am.

THE COURT:  Do you understand all the terms and conditions of this agreement?

DEFENDANT WRAY:  Yes.

THE COURT:  Does this document fully and accurately reflect your understanding of the agreement you've reached with the government concerning your guilty plea?

DEFENDANT WRAY:  Yes, Ma'am.

THE COURT:  Mr. Rizo, turning to the final page of your plea agreement, Court Exhibit 2, is that your signature on the defendant's signature line?

DEFENDANT RIZO:  Yes.

THE COURT:  Has this document been translated for you and have you discussed it with your attorney?

DEFENDANT RIZO:  Yes.

THE COURT:  Do you understand all the terms and conditions of this agreement?

DEFENDANT RIZO:  Yes.

THE COURT:  Does this document fully and accurately reflect your understanding of the agreement you've reached with the government concerning your guilty plea?

1          DEFENDANT RIZO:  Yes.

2          THE COURT:  I understand that Mr. Diaz has decided

3    not to plea guilty pursuant to the written plea agreement

4    that the government had offered to him.

5          Is that correct, Mr. Diaz?

6          DEFENDANT DIAZ:  Yes.

7          THE COURT:  Am I also correct that the only oral

8    agreement reached with the government is that the defendant

9    can plea guilty to Counts 1 and 2 of the superseding

10   indictment in satisfaction of all charges in the indictment.

11         Is that correct, Mr. Diaz?

12         DEFENDANT DIAZ:  Yes, your Honor.

13         THE COURT:  Mr. Schnoppi, is that your

14   understanding as well?

15         MR. SCHNOPPI:  Yes, it is.

16         THE COURT:  And, Mr. Abensohn, is that correct?

17         MR. ABENSOHN:  It is, your Honor.

18         THE COURT:  And there is a criminal forfeiture

19   allegation in the superseding indictment.  Has any agreement

20   been reached with Mr. Diaz concerning the forfeiture

21   allegation?

22         MR. SCHNOPPI:  No, your Honor.

23         THE COURT:  So, the plea in satisfaction of the

24   indictment would not satisfy the criminal forfeiture

25   allegation.  Is that correct?

1          MR. SCHNOPPI:  Yes, your Honor.

2          MR. ABENSOHN:  That is correct.

3          THE COURT:  Do you understand that, Mr. Diaz?

4          DEFENDANT DIAZ:  Yes.

5          THE COURT:  You've discussed this with your

6     client, Mr. Schnoppi?

7          MR. SCHNOPPI:  Yes, your Honor.

8          THE COURT:  Mr. Diaz, other than the agreement

9     that the government will drop Counts 3, 4 and 5 of the

10    superseding indictment against you, has anyone made any

11    other promise that has caused you to plead guilty?

12         DEFENDANT DIAZ:  No.

13         THE COURT:  Alright.  I now want to talk about the

14    sentencing scheme that's applicable here.  Mr. Wray, the

15    statute that you're accused of violating in the lesser-

16    included offense of Count 2 carries a minimum term of

17    imprisonment of five years and a maximum prison term of 40

18    years.

19         Do you understand that?

20         DEFENDANT WRAY:  Yes, Ma'am.

21         THE COURT:  Mr. Rizo, the lesser-included offense

22    in Count 1 carries a maximum term of imprisonment of 20

23    years.

24         Do you understand that?

25         DEFENDANT RIZO:  Yes.

1          THE COURT:  And, Mr. Diaz, you're prepared to plea

2     guilty to Counts 1 and 2 of the superseding indictment.

3     Each of those counts carries a maximum term of imprisonment

4     of life and a minimum term of imprisonment of ten years.

5          Do you understand that?

6          DEFENDANT DIAZ:  Yes.

7          THE COURT:  And, Mr. Abensohn, am I correct that

8     the minimum term of imprisonment would be cumulative?  It

9     would be concurrent?

10         MR. ABENSOHN:  I expect it would be, your Honor.

11         THE COURT:  Alright.  In addition to any prison

12    term, the sentencing Court will impose a supervised release

13    term to follow the term of imprisonment.  In the case of Mr.

14    Wray, the minimum supervised release term is four years and

15    the maximum supervised release is life.

16         Do you understand that, Mr. Wray?

17         DEFENDANT WRAY:  Yes, Ma'am.

18         THE COURT:  In the case of Mr. Rizo, the minimum

19    supervised release term is three years and the maximum

20    supervised release is life.

21         Do you understand that, Mr. Rizo?

22         DEFENDANT RIZO:  Yes.

23         THE COURT:  Mr. Diaz, as to you, the minimum

24    supervised release term is five years and the maximum

25    supervised release is life.

1        Do you understand that?

2        DEFENDANT DIAZ:  Yes.

3        THE COURT:  Now, if any of you violate a condition

4   of your release, you could then be sent back to prison for

5   up to the number of years specified in your plea agreement.

6        And if that happened you would not get credit for

7   time already served in prison.  Nor would you get credit for

8   time previously served on post release supervision.

9        Do you understand that Mr. Wray?

10       DEFENDANT WRAY:  Yes, Ma'am.

11       THE COURT:  Do you understand that Mr. Diaz?

12       DEFENDANT DIAZ:  Yes.

13       THE COURT:  Do you understand that Mr. Rizo?

14       DEFENDANT RIZO:  Yes.

15       THE COURT:  Mr. Wray, in your case, if you

16  violated a condition of supervised release, you could be

17  sent back to prison for up to three years regardless of how

18  much time you may have already spent in jail or on

19  supervised release.

20       Do you understand that?

21       DEFENDANT WRAY:  Yes, I do.

22       THE COURT:  Mr. Rizo, in your case, if you

23  violated a condition of supervised release you could then be

24  sent back to prison for up to an additional two years

25  regardless of how much time you may have already spent in

1   prison or on supervised release.

2          Do you understand that?

3          DEFENDANT RIZO:  Yes.

4          THE COURT:  Mr. Diaz, if you violated a condition

5   of supervised release you could then be sent back to prison

6   for up to an additional five years regardless of how much

7   time you may have already spent in jail or on supervised

8   release.

9          Do you understand that?

10         DEFENDANT DIAZ:  Yes.

11         THE COURT:  In addition to any prison term and

12  supervised release term the sentencing Court can also impose

13  a fine.  In the case of Mr. Rizo, the Court can impose a

14  fine of up to one million dollars.

15         Do you understand that?

16         DEFENDANT RIZO:  Yes.

17         THE COURT:  Mr. Wray, the Court can impose a fine

18  of up to four million dollars on you.

19         Do you understand that?

20         DEFENDANT WRAY:  Yes, Ma'am.

21         THE COURT:  And, Mr. Diaz, in your case, the Court

22  can impose a fine of up to four million dollars on Count 1.

23  And up to four million dollars on Count 2 for a total

24  potential fine of eight million dollars.

25         Do you understand that?

1          DEFENDANT DIAZ:  Yes.

2          THE COURT:  The sentencing Court will impose a

3   mandatory special assessment on each of you.  The special

4   assessment is one hundred dollars for each count for which

5   you plead guilty.

6          Therefore, the special assessment as to Mr. Wray

7   and Mr. Rizo would be one hundred.  The special assessment

8   as to Mr. Diaz would be two hundred dollars.

9          Do you understand that Mr. Wray?

10          DEFENDANT WRAY:  Yes, Ma'am.

11          THE COURT:  Mr. Diaz?

12          DEFENDANT DIAZ:  Yes.

13          THE COURT:  Mr. Rizo?

14          DEFENDANT RIZO:  Yes.

15          THE COURT:  Another consequence that can result

16   from your conviction if you're not a United States citizen

17   is deportation or removal from the United States.  And I

18   understand that Mr. Wray is the only United States citizen

19   of this group.  Is that correct?

20          MR. CELEDONIO:  That's my understanding, your

21   Honor.

22          THE COURT:  Alright, so do you understand, Mr.

23   Diaz, that you could be deported or removed from the United

24   States?

25          DEFENDANT DIAZ:  Yes.

1         THE COURT: And, Mr. Rizo, do you understand that?

2         DEFENDANT RIZO: Yes.

3         THE COURT: And, Mr. Abensohn, can you just help

4 me out? Is there anything in Mr. Wray's or Mr. Rizo's plea

5 agreements with regard to forfeiture?

6         MR. ABENSOHN: There is not.

7         THE COURT: Alright. I now want to talk with all

8 three of you about the sentencing guidelines. Under the

9 Sentencing Reform Act of 1984, the United States Sentencing

10 Commission issued guidelines for judges to follow in

11 determining the sentence in a criminal case.

12         The United States Supreme Court recently issued

13 several decisions in which it concluded that the guidelines

14 are mandatory and not binding upon the sentencing Court.

15 But that the sentencing Court is required to consider the

16 guidelines in determining what is a reasonable sentence.

17         Have you and your attorney talked about how the

18 guidelines might apply to your case? Mr. Wray?

19         DEFENDANT WRAY: Yes, Ma'am.

20         THE COURT: Mr. Diaz?

21         DEFENDANT DIAZ: Yes.

22         THE COURT: Mr. Rizo?

23         DEFENDANT RIZO: Yes.

24         THE COURT: You should understand that the Court

25 will not be able to do the guidelines calculations for your

1    case until after the Probation Department has prepared a

2    presentence report and you and your attorney have had an

3    opportunity to read and to challenge the facts reported by

4    the probation officer.

5              Do you understand that Mr. Wray?

6              DEFENDANT WRAY:  Yes, Ma'am.

7              THE COURT:  Mr. Diaz?

8              DEFENDANT DIAZ:  Yes.

9              THE COURT:  Mr. Rizo?

10             DEFENDANT RIZO:  Yes.

11             THE COURT:  You should also understand that after

12   it's been determined what the guidelines calculation is in a

13   case, the judge has the authority to impose a sentence that

14   is more severe or less severe than the sentence called for

15   by the guidelines.  The Court has an obligation to impose a

16   reasonable sentence.

17             Do you understand that Mr. Wray?

18             DEFENDANT WRAY:  Yes, Ma'am.

19             THE COURT:  Do you understand that Mr. Diaz?

20             DEFENDANT DIAZ:  Yes.

21             THE COURT:  Do you understand that Mr. Rizo?

22             DEFENDANT RIZO:  Yes.

23             THE COURT:  I'm now going to ask the attorneys to

24   give their best estimate of the guideline calculations as to

25   each of the three defendants.  But you should keep in mind

1   that their calculations are simply estimates, that Judge

2   Block will do his own calculation under the guidelines and

3   will then determine whether to impose a sentence within the

4   guidelines range or not.

5           Do you understand that Mr. Wray?

6           DEFENDANT WRAY:  Yes, Ma'am.

7           THE COURT:  Do you understand that Mr. Diaz?

8           DEFENDANT DIAZ:  Yes.

9           THE COURT:  Do you understand that Mr. Rizo?

10          DEFENDANT RIZO:  Yes.

11          THE COURT:  Mr. Abensohn, I take it the government

12  calculation as to Mr. Wray is set forth in paragraph two of

13  his agreement?

14          MR. ABENSOHN:  It is, your Honor.

15          THE COURT:  And you've calculated a range of

16  imprisonment of 135 to 168 months, assuming he falls within

17  criminal history category three.  Is that correct?

18          MR. ABENSOHN:  Yes, your Honor, and that's not

19  accounting for the additional one point reduction for his

20  acceptance of responsibility due his plea today.

21          THE COURT:  And that would be the government has

22  agreed that if he plead guilty on or before March 15th that

23  the government will move for an additional one level

24  reduction?

25          MR. ABENSOHN:  Yes, your Honor.  Anticipating

1  that, it would reduce the adjusted offense level to 30 with

2  a corresponding range of 121 to 151 months under the

3  guidelines.

4         THE COURT:  Alright.  And I see from paragraph two

5  that the defense has stipulated to that calculation and has

6  agreed that his guidelines and mandatory minimum sentence

7  would be calculated based on a drug type and quantity of at

8  least three kilograms of heroin.

9         Is that correct, Mr. Celedonio?

10        MR. CELEDONIO:  That's correct, your Honor.

11        THE COURT:  Mr. Wray, you understand that these

12  are the calculations of the government and your attorney?

13        DEFENDANT WRAY:  Yes, Ma'am.

14        THE COURT:  With respect to Mr. Rizo.  I see from

15  his plea agreement that the government has calculated an

16  adjusted offense level of 25 which carries a range of

17  imprisonment of 57 to 71 months, assuming that he falls

18  within criminal history category one.  And the government

19  has, again, agreed -- Is that supposed to be March 15th

20  rather than February 15th?

21        MR. ABENSOHN:  Yes, your Honor.  This was draft

22  was originally circulated some time ago.  But as long as the

23  plea is entered before the 15th, and certainly if it's

24  entered today, that understanding will exist.

25        THE COURT:  Alright.  And the government will move

1  for an additional one level reduction which would result in

2  an adjusted offense level of 24 and a range of imprisonment

3  of 51 to 63 months.

4  Mr. Lashley, I understand from paragraph two that

5  the defense agrees to that guideline calculation and agrees

6  that his guideline should be calculated based on a drug type

7  and quantity of at least three kilograms of heroin.  Is that

8  right?

9  MR. LASHLEY:  Three?

10  THE COURT:  That's what it says.

11  MR. LASHLEY:  Yes, Judge.

12  THE COURT:  Alright.  Mr. Rizo, do you understand

13  that those are the guideline calculations of your attorney

14  and the prosecutor?

15  DEFENDANT RIZO:  Yes.

16  THE COURT:  And, Mr. Abensohn, although Mr. Diaz

17  is not pleading guilty pursuant to a plea agreement, I do

18  have the draft agreement in front of me.  Is that, in fact,

19  the government's calculation?

20  MR. ABENSOHN:  Yes, your Honor.  Accepting --

21  THE COURT:  That you're not going to move for --

22  You have not agreed to move for the one level reduction?

23  MR. ABENSOHN:  Not for acceptance, your Honor, and

24  not for the global plea.

25  THE COURT:  Alright.  So, then this really doesn't

1  apply.  So, why don't you tell me in your own words what the
2  calculation is.

3         MR. ABENSOHN:  Your Honor, based on the drug
4  quantities which will be well in excess of three kilograms
5  of heroin, the defendant would have a base offense level of
6  34.  He managed and supervised several people in the course
7  of this drug conspiracy and would have four additional
8  points on that basis.  Reducing that by two points for his
9  acceptance here, that would result in a calculation of 36
10  points.

11         I don't have the guidelines in front of me, your
12  Honor, and I did not anticipate the plea on indictment so I
13  don't know what (ui).  I'm inclined that it would be a 188
14  to 235 months sentencing range.

15         THE COURT:  Mr. Schnoppi, have you done your own
16  calculation under the guidelines?

17         MR. SCHNOPPI:  Yes, I have, your Honor.

18         THE COURT:  What is the result of your
19  calculation?

20         MR. SCHNOPPI:  As far as base offense level,
21  Judge, it would be 34.  We, of course, are not conceding
22  this client is a manager.  And, therefore, he may be
23  eligible for a reduction under the safety valve.  Acceptance
24  of responsibility of minus two.  I guess that would be.

25         THE COURT:  So, that would be a 32.  Does anyone

1  have the schedule?  What would the range of imprisonment be?

2        MR. SCHNOPPI:  I don't.

3        MR. CELEDONIO:  121 to 151, your Honor.

4        THE COURT:  121 to 151 I'm advised by Mr.

5  Celedonio who does have his chart with him.

6        Alright, Mr. Diaz, do you understand that the

7  government's calculations and your lawyer's calculations are

8  widely different.  And I take it that's the reason why you

9  have decided not to plead guilty pursuant to the agreement

10  in which the government would have required that you agree

11  to their calculation.

12        Do you understand that?

13        DEFENDANT DIAZ:  Yes, your Honor.

14        THE COURT:  I want to -- Addressing Mr. Wray and

15  Mr. Rizo at this point, I want to point out particular

16  provisions in your plea agreements.  Each of you have very

17  similar provisions in paragraph four.

18        Paragraph four states that you agree not to file

19  an appeal or otherwise challenge your conviction or sentence

20  in the even that the Court imposes a term of imprisonment of

21  a certain number of months or below.

22        In the case of Mr. Wray, your agreement includes a

23  provision for 168 months or below.  In the case of Mr. Rizo,

24  your agreement concerns a term of imprisonment of 71 months

25  or below.

1            Now, that number represents the upper end of the
2     guideline range calculated by the government not taking into
3     account the one level reduction that the government has
4     agreed to move for based on your early guilty plea.
5            Now, have each of you discussed this provision
6     with your attorney?  Mr. Wray?
7            DEFENDANT WRAY:  Yes, Ma'am.
8            THE COURT:  Mr. Rizo?
9            DEFENDANT RIZO:  Yes.
10           THE COURT:  Under your agreement, you and your
11    lawyer are free to argue before Judge Block sentences you
12    that you should be sentenced to something less than the
13    number of months in prison specified in paragraph four.
14           For example, you and your lawyer are free to join
15    the government's application for an additional one level
16    reduction.  You can also argue to the Court that a
17    reasonable sentence in your case in one below the guideline
18    range.  You can asked to be sentenced at the low end of the
19    guideline range and not the upper end of the range.
20           All of those arguments are available to you before
21    Judge Block sentences you.  However, once he sentences you,
22    as long as he does not send you to prison for more than the
23    number of months specified in paragraph four, that is the
24    end of the matter.
25           Even if he rejects all of those arguments, you

1    have agreed that you will not file an appeal or otherwise

2    challenge your conviction or sentence.

3              Do you understand that Mr. Wray?

4              DEFENDANT WRAY:  Yes, Ma'am.

5              THE COURT:  Do you understand that Mr. Rizo?

6              DEFENDANT RIZO:  Yes.

7              THE COURT:  And the one additional think I want to

8    point out to Mr. Wray is that Judge Block would be bound to

9    impose the minimum term of imprisonment which is five years.

10             Do you understand that?

11             DEFENDANT WRAY:  Yes, Ma'am.

12             THE COURT:  And I don't know whether this is a

13   case that would qualify for safety valve or not.  I don't

14   know if there's an issue about that.  Is there?

15             MR. ABENSOHN:  I do not believe that this

16   defendant would qualify based on his criminal history, your

17   Honor.

18             THE COURT:  Alright.  So, you understand, Mr.

19   Wray, that although the sentencing guidelines are merely

20   advisory at this point, that the minimum term of

21   imprisonment is mandatory.

22             Do you understand that?

23             DEFENDANT WRAY:  Yes, Ma'am.

24             THE COURT:  Alright.  Do any of you have any

25   questions that you'd like to ask me about the charges, your

1  rights or anything else relating to this matter?  Mr. Wray?

2          DEFENDANT WRAY:  No, Ma'am.

3          THE COURT:  Mr. Diaz?

4          DEFENDANT DIAZ:  No.

5          THE COURT:  Mr. Rizo?

6          DEFENDANT RIZO:  No.

7          THE COURT:  And one additional matter I want to

8  point out.  You should all understand that parole has been

9  abolished and that if you're sentenced to prison you will

10 not be released on parole.

11          Do you understand that Mr. Wray?

12          DEFENDANT WRAY:  Yes, Ma'am.

13          THE COURT:  Mr. Diaz?

14          DEFENDANT DIAZ:  Yes.

15          THE COURT:  Mr. Rizo?

16          DEFENDANT RIZO:  Yes.

17          THE COURT:  Mr. Wray, are you ready to plead?

18          DEFENDANT WRAY:  Yes, Ma'am.

19          THE COURT:  Mr. Celedonio, do you know of any

20 reason why your client should not plead guilty?

21          MR. CELEDONIO:  No, your Honor.

22          THE COURT:  Are you aware of any viable legal

23 defense to the charge?

24          MR. CELEDONIO:  No, your Honor.

25          THE COURT:  Mr. Wray, what is your plea to the

1  lesser-included offense in Count 2 of the indictment?

2  Guilty or not guilty?

3        DEFENDANT WRAY:  Guilty.

4        THE COURT:  Mr. Rizo, are you ready to plead?

5        DEFENDANT RIZO:  Yes.

6        THE COURT:  Mr. Lashley, do you know of any reason

7  why your client should not plead guilty?

8        MR. LASHLEY:  No, Judge.

9        THE COURT:  Are you aware of any viable legal

10  defense to the charge?

11        MR. LASHLEY:  No.

12        THE COURT:  Mr. Rizo, what is your plea to the

13  lesser included offense of Count 1, guilty or not guilty?

14        DEFENDANT RIZO:  Guilty.

15        THE COURT:  Mr. Diaz, are you ready to plead?

16        DEFENDANT DIAZ:  Yes.

17        THE COURT:  Mr. Schnoppi, do you know of any

18  reason why your client should not plead guilty?

19        MR. SCHNOPPI:  No, Judge.

20        THE COURT:  Are you aware of any viable legal

21  defense to the charge?

22        MR. SCHNOPPI:  No, Judge.

23        THE COURT:  Mr. Diaz, what is your plea to Count 1

24  of the superseding indictment, guilty or not guilty?

25        DEFENDANT DIAZ:  Guilty.

1          THE COURT:   What is your plea to Count 2 of the

2   superseding indictment, guilty or not guilty?

3          DEFENDANT DIAZ:   Guilty.

4          THE COURT:   Alright.   Are each of you making your

5   plea or pleas of guilty voluntarily and of your own free

6   will?   Mr. Wray?

7          DEFENDANT WRAY:   Yes, Ma'am.

8          THE COURT:   Mr. Diaz?

9          DEFENDANT DIAZ:   Yes.

10          THE COURT:   Mr. Rizo?

11          DEFENDANT RIZO:   Yes.

12          THE COURT:   Has anyone threatened or forced you to

13   plead guilty?   Mr. Wray?

14          DEFENDANT WRAY:   No, Ma'am.

15          THE COURT:   Mr. Diaz?

16          DEFENDANT DIAZ:   No.

17          THE COURT:   Mr. Rizo?

18          DEFENDANT RIZO:   No.

19          THE COURT:   Other than the agreement with the

20   government that's been marked as a court exhibit, has anyone

21   made any promise that has caused you to plead guilty?   Mr.

22   Wray?

23          DEFENDANT WRAY:   No, Ma'am.

24          THE COURT:   Mr. Rizo?

25          DEFENDANT RIZO:   No.

1        THE COURT:  Mr. Diaz, other than the agreement

2  that the government will not proceed against you on the

3  basis of Counts 3, 4 and 5, has anyone made any promise that

4  has caused you to plead guilty?

5        DEFENDANT DIAZ:  No.

6        THE COURT:  Addressing all three defendants again.

7  Has anyone made any promise to you as to what your sentence

8  will be?  Mr. Wray?

9        DEFENDANT WRAY:  No, Ma'am.

10       THE COURT:  Mr. Diaz?

11       DEFENDANT DIAZ:  No.

12       THE COURT:  Mr. Rizo?

13       DEFENDANT RIZO:  No.

14       THE COURT:  Mr. Wray, the lesser-included offense

15  of Count 2 of the superseding indictment charges that

16  between February of 2004 and July of 2004 you knowingly and

17  intentionally conspired or agreed with others to distribute

18  and possess with intent to distribute 500 grams or more of

19  heroin.

20       MR. ABENSOHN:  Your Honor, I believe it's 100

21  grams.  I apologize.  The statutory for it is 100 grams.

22       THE COURT:  Alright, 100 grams or more of heroin.

23  Did you, in fact, do that?

24       DEFENDANT WRAY:  Yes.

25       THE COURT:  Would you tell me in your own words

1    what you did?

2            DEFENDANT WRAY:  I conspired with my defendants to

3    receive heroin and distribute heroin between January and

4    May.  Between February and May.

5            THE COURT:  Of what year?

6            DEFENDANT WRAY:  2004.

7            THE COURT:  And just generally where did these

8    acts occur?  In Brooklyn, Queens, Staten Island, Long

9    Island?

10           DEFENDANT WRAY:  In Queens.

11           THE COURT:  And you knew at the time that it was

12   heroin that you were receiving and distributing?

13           DEFENDANT WRAY:  Yes, Ma'am.

14           THE COURT:  And you knew that it was wrong to do

15   that?

16           DEFENDANT WRAY:  Yes, Ma'am.

17           THE COURT:  And this was part of an understanding

18   with others to traffic in heroin?

19           DEFENDANT WRAY:  Yes, Ma'am.

20           THE COURT:  Mr. Abensohn, is there any further

21   inquiry you'd like me to make of this defendant?

22           MR. ABENSOHN:  No, your Honor.  But only to

23   clarify the quantity would have been well in excess of the

24   100 grams floor of the statute.  I believe this defendant

25   has stipulated to dealing with at least three kilograms of

1  heroin for purposes of his guidelines calculation.

2        Also, with respect --

3        THE COURT:  Well, let me just -- Before me move

4  on.  Is that correct, Mr. Wray?

5        DEFENDANT WRAY:  Yes, Ma'am.

6        MR. ABENSOHN:  And with respect to venue, your

7  Honor, this defendant actually was living and largely

8  operating out of Maryland but the quantities of narcotics

9  that he was purchasing and the members of the conspiracy

10  from whom he was purchasing it were based in and delivered

11  from the Queens area in the Eastern District of New York.

12        THE COURT:  Is that also true, Mr. Wray?

13        DEFENDANT WRAY:  Yes, it is.

14        THE COURT:  Anything else as to this defendant,

15  Mr. Abensohn?

16        MR. ABENSOHN:  No, your Honor.

17        THE COURT:  Alright.  Turning now to Mr. Rizo.

18  The lesser-included offense of Count 1 charges that between

19  February and July of 2000 you knowingly and intentionally

20  conspired or agreed with others to import heroin into the

21  United States.

22        Did you, in fact, do that?

23        DEFENDANT RIZO:  Yes, your Honor.

24        THE COURT:  Would you tell me in your own words

25  what you did?

1          DEFENDANT RIZO:  I, along with my co-defendants,

2   went into a conspiracy to distribute the heroin.

3          THE COURT:  Was this heroin that was coming from

4   outside the United States?

5          DEFENDANT RIZO:  Yes.

6          THE COURT:  Did you enter into an agreement with

7   them to help bring it into the United States?

8          DEFENDANT RIZO:  Yes.

9          THE COURT:  Where was it coming from?

10         DEFENDANT RIZO:  Can you ask the question again?

11         THE COURT:  Yes.  What country was it coming from?

12         DEFENDANT RIZO:  I think from Venezuela.

13         THE COURT:  What did you agree to do to help bring

14  it into the United States?

15         DEFENDANT RIZO:  Just to pick it up from the

16  people who had the drugs.

17         THE COURT:  Pick it up from people who were

18  bringing it into the country?

19         DEFENDANT RIZO:  Yes.

20         THE COURT:  Where did you go to pick it up?  Did

21  you go to JFK Airport?  Did you go to a hotel somewhere?

22         DEFENDANT RIZO:  A hotel in Manhattan.

23         THE COURT:  Alright, Mr. Abensohn, you want to

24  make a proffer with respect to venue and that Queens was

25  involved somehow?

MR. ABENSOHN:  Yes, your Honor.  This defendant
was essentially a worker for Mr. Diaz.  Much of the
operation was based out of Queens.  The drugs were stored
there.  Trips to deliver drugs originated there.  The
particular episode the defendant is describing, he was
picked up within the Eastern District by Mr. Diaz for
essentially an assignment to retrieve two couriers and a
supply of heroin from a hotel in Manhattan.  That occurred
in, I believe, June of 2004, your Honor.

THE COURT:  So, this defendant was coming from
Queens into Manhattan to pick them up?

MR. ABENSOHN:  Yes, your Honor.

THE COURT:  Is that correct?

DEFENDANT RIZO:  Yes.

THE COURT:  And did that happen in June of 2004?

DEFENDANT RIZO:  Yes.

THE COURT:  And you knew it was wrong to do that?

DEFENDANT RIZO:  Yes.

THE COURT:  And you knew that it was heroin or
some illegal narcotic drug that you were picking up?

DEFENDANT RIZO:  Yes.

THE COURT:  Mr. Abensohn, is there any further
inquiry you'd like me to make of this defendant?

MR. ABENSOHN:  No, your Honor.

THE COURT:  Alright.  Finally, with respect to Mr.

1  Diaz.   Count 1 charges between approximately February and

2  July of 2004 you knowingly and intentionally conspired or

3  agreed with others to import a kilogram or more of heroin

4  into the United States.

5          Did you, in fact, do that?

6          DEFENDANT DIAZ:   Yes.

7          THE COURT:   Count 2 charges that during that same

8  approximate time period you knowingly and intentionally

9  conspired or agreed to distribute and possess with intent to

10 distribute a kilogram or more of heroin and 500 grams or

11 more of cocaine.

12         Did you also do that?

13         DEFENDANT DIAZ:   Yes.

14         THE COURT:   Would you tell me in your own words

15 what you did in connection with those two counts, those two

16 offenses?

17         DEFENDANT DIAZ:   I conspired since February to

18 July to bring some drugs in from Venezuela to this country.

19 It was distributed here in Queens.   It was given to this man

20 and distributed to.   That's it.

21         THE COURT:   What kind of drugs and what quantity

22 of drugs did you and others bring into the United States

23 from Venezuela?

24         DEFENDANT DIAZ:   Heroin and cocaine.

25 Approximately more than one kilo.

1        THE COURT:   More than one kilogram of each?

2        DEFENDANT DIAZ:   Yes.

3        THE COURT:   Were all those drugs distributed in or

4   out of Queens?

5        DEFENDANT DIAZ:   Yes.

6        THE COURT:   And you knew that it was wrong to do

7   that?

8        DEFENDANT DIAZ:   Yes.

9        THE COURT:   You said that this activity took place

10   between February and July.   Was this in 2004?   You didn't

11   state the year.

12        DEFENDANT DIAZ:   2004.

13        THE COURT:   Mr. Abensohn, is there any further

14   inquiry you'd like me to make of this defendant?

15        MR. ABENSOHN:   No, your Honor.   I'd add only that

16   the minimum reference in the allocution to one kilogram, in

17   fact, this defendant was responsible for importing and

18   distributing well in excess of that amount of heroin and

19   cocaine.

20        He had various individuals working for him, making

21   deliveries both within the New York area and the Maryland.

22   And, I believe, that he did specify that this went on in the

23   February to July, 2004 time frame.

24        THE COURT:   You're not saying that his allocution

25   is inadequate?

1        MR. ABENSOHN:   No.

2        THE COURT:  Alright.  Based on the information

3   provided to me, I find that each of these three defendants

4   is acting voluntarily.  That each fully understands his

5   rights and the consequences of his plea.  And that there is

6   a factual basis for each of these pleas.

7        I, therefore, recommend acceptance of the

8   following pleas of guilty.  Mr. Rizo's plea of guilty to the

9   lesser-included offense of Count 1 of the indictment.  Mr.

10  Wray's plea of guilty to the lesser-included offense of

11  Count 2 of the indictment.  And for both I mean the

12  superseding indictment.  And, Mr. Diaz's pleas to Counts 1

13  and 2 of the superseding indictment.

14        Do we have dates for the sentencing?

15        THE CLERK:  All of them will be set by Probation.

16        THE COURT:  Alright, the Probation Department will

17  be setting dates for sentencing and will also be preparing a

18  presentence report.  I urge all three of you to cooperate

19  with the probation officer.

20        I don't know if any -- The defendants weren't

21  arrested at the airport, were they?  So, there's no issue

22  about property seized at the airport?

23        MR. ABENSOHN:  I don't believe so, your Honor, no.

24        THE COURT:  Alright, anything else?

25        MR. ABENSOHN:  Not from the government, your

1   Honor.

2             THE COURT:  Any of the defendants?

3             ALL:  No, Judge.

4             THE COURT:  Okay, thank you very much.

5             *  *  *  *  *  *  *  *  *  *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1     --

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18     I certify that the foregoing is a correct transcript

19   from the electronic sound recording of the proceedings in

20   the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    April 17, 2005